FORD PAVING COMPANY, Appellee, v. R. A. ELZY, Appellant.

BAILMENT: Action for Rentals—Plea of Abatement—Sufficiency
1 of Evidence. Evidence reviewed, and *held* insufficient to establish a plea in abatement to the effect that rentals of leased personal property were not due.

BAILMENT: Damage—Liability of Bailee—Evidence. Record held
2 to justify a recovery of damages for injury done to leased personal property while in possession of the bailee.

APPEAL AND ERROR: Abstract of Record—Amended Abstract—
3 Failure to File in Time—Penalizing with Costs. An amended abstract should be filed by appellee within 15 days after the receipt of appellant's abstract. (Rule 32.) But the court is not disposed, as a rule, to strike a belated amendment, and will usually penalize an unexplained delay by appropriate order as to costs.

PRINCIPLE APPLIED: An abstract was served in August, 1914; the appellant's argument in January, 1915. Cause continued by stipulation to September Term, 1915. A material amendment to the abstract was filed by appellee in August, 1915. No explanation for the delay was made. *Held*, the amendment should not be stricken but the cost of printing thereof should be taxed to appellee.

*Appeal from Marshall District Court.*—CLARENCE NICHOLS, Judge.

THURSDAY, DECEMBER 16, 1915.

ACTION at law upon a written contract to recover the agreed compensation for the use of certain machinery leased by the plaintiff to the defendant, and for damages for certain breaches of the contract. The answer was a general denial of all damages claimed by plaintiff, and a counterclaim for damages for alleged false representations and breach of implied warranty. There was a verdict and judgment for the plaintiff, and defendant has appealed.—*Affirmed.*

*F. E. Northup*, for appellant.

*Deacon, Good, Sargent & Spangler* and *Boardman & Lawrence*, for appellee.

EVANS, J.—The controversy between the parties centers upon a certain written contract entered into between them on September 2, 1912, whereby the plaintiff leased to the defendant a certain "asphalt plant" and a five-ton roller to be used by the defendant in the performance of a certain paving contract which he had entered into with the city of Winterset, Iowa. The compensation for the use of such machinery, specified in the written contract, was 7 cents a square yard for all pavement built therewith. The petition was in four counts. The first count claimed recovery of the agreed rental; the other counts charged breach of the contract by the defendant. The second count claimed for freight paid in the return of the machinery; the third count claimed for the cost of repairs

made necessary by the failure of the defendant to return the
machinery in as good condition as it was when received by
him; the fourth count claimed damages for loss of the use of
the machinery during a period of wrongful delay in the return
of the same.   The answer made no issue as to the amount of
rental due under the contract, nor was there any controversy
on the trial over the amount of the freight paid by the plain-
tiff and claimed in Count 2 of his petition.   There was a denial
of the breach of contract as to all other damages claimed.
There was a counterclaim for damages for an alleged breach
of an implied warranty that the machinery was suitable for
the purpose for which it was hired.   In other counts, the same
counterclaim was set forth, as based upon false and fraudu-
lent representations made by the plaintiff to the defendant
that such machinery was suitable for such purpose.   There
was also a plea in abatement, to the effect that the agreed
rental was not due.   At the close of the evidence, the trial
court withdrew all counts of the counterclaim.   It submitted
the case to the jury on the four counts in the petition and the
defendant's plea in abatement.   By special findings, the jury
found against the plea in abatement.   It found in favor of
the plaintiff on the first two counts in full, and allowed a par-
tial recovery upon the third count.   It found against the
plaintiff on the fourth count.   The main question in the case
is whether the trial court properly withdrew the defendant's
counterclaim.

I. The record is voluminous and is in considerable con-
fusion.   We shall not undertake to discuss its details.   Assum-
ing, for the sake of discussion, that an implied warranty of
fitness for the particular use was available to the defendant,
we think, nevertheless, that, upon the most favorable view
of the defendant's own evidence, he did not show himself en-
titled to damages as for breach of such a warranty.   Nor did
his evidence warrant a finding of fraudulent representations
as a basis for damages.   This conclusion necessarily elimi-
nates a great many questions pertaining to rulings upon the

admission of evidence which are presented for our consideration.

As to the question of abatement, the trial court submitted it to the jury. Complaint is made of the instructions in that regard. We are impressed, however, from the record, that the defendant got more than he was entitled to in the submission of the question at all. He relied wholly upon an alleged oral statement made contemporaneously with the written contract. The statement was his own, and was to the effect that he could not pay until he had made a settlement with the city. Even though such evidence be deemed competent, his claim in that respect is wholly inconsistent with his letter written to the plaintiff when request for the rent was first made. On January 20, 1913, after the completion of the work and in reply to a request for payment, he wrote to the plaintiff as follows:

1. BAILMENT: action for rentals: plea of abatement: sufficiency of evidence.

"Gentlemen: Yours of the 18th received. The reason you have not heard from me because I was away from home. Now I have never had to pay for the use of a piece of machinery of this kind until I got my money out of the work. The work is accepted and it will take about 50 days to get my certificates cleaned up, and I wish you people would please wait until I get this in. It will be a great accommodation to me. Thanking you in advance for the same,"

No attempt was made to harmonize this letter with the present claim of previous oral agreement. We think, therefore, that the evidence of the defendant himself, especially in the light of his letter, would not warrant any other finding on the plea in abatement than that returned by the jury. We need not, therefore, consider in detail the alleged errors assigned, pertaining to rulings on evidence and the instructions on this question.

As to the fourth count of plaintiff's petition, the defendant was successful. We need not, therefore, consider rulings on evidence and instructions pertaining to this count.

As to the third count of plaintiff's petition, the jury allowed two items only, amounting to $324. The evidence was undisputed that this was the reasonable cost of repair of two certain tar-kettles. The evidence was undisputed, also, that they were returned in a damaged condition, and not in the condition in which they were received. The written contract required their return in as good condition as when received. The defendant offered no defensive evidence which tended to excuse or exonerate him from liability for the cost of restoring such kettles. True, if he had been permitted to recover upon his counterclaim, such recovery might have absorbed this liability. But that was affirmative, and not defensive. Indeed, the complaint of his counterclaim was directed mainly to the mechanical features of the leased plant, not to such appurtenances as these kettles. None of the rulings on evidence or the instructions complained of pertained to these particular items.

2. BAILMENT: damage: liability of bailee: evidence.

The same may be said as to the matters allowed on the first and second counts of the petition, viz: the amount of the agreed rental and the amount paid for return freight. No real controversy was made at the trial over these two counts.

We find in the record no ground, therefore, for interference with the judgment as rendered.

II. There was submitted, with the case, a motion of the appellant to strike the amended abstract of the appellee because the same was not filed within the time provided by the rules. It appears that the appellant served his abstract in August, 1914, and the argument in January, 1915. The case would have been due for submission at the May, 1915, Term; but the parties, by stipulation, continued the same to the September Term. On August 10th, the appellee served an amended abstract of nearly 100 pages. Such amended abstract has set forth much material matter. Its correctness has never been challenged by the appellant.

3. APPEAL AND ERROR: abstract of record: amended abstract: failure to file in time: penalizing with costs.

In the application of the rule as to filing amended abstracts, we have recognized the fact that the necessity for an amended abstract is often not readily apparent until after the appellant presents his argument. For that reason, we have usually refused to strike an amended abstract, even though filed out of time, the delay being subject to appropriate explanation. Where the delay is not sufficiently excused, we have usually deemed it more appropriate to penalize the appellee by a proper order as to costs, rather than by striking his abstract and thereby closing our eyes to the actual record upon which the case was tried in the lower court. In this case, the amended abstract was not served for 7 months after appellant's argument. The amendment was lengthy. No showing of excuse is made why its filing was so long delayed. The order, therefore, will be that no costs of printing the same shall be taxed against the appellant.

The appellant has submitted a like motion to strike the argument of appellee. Suffice it to say that the argument was filed within the time provided by the rules. The motions to strike will, therefore, be overruled.

The judgment below is—*Affirmed*.

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.